FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2015 JUN 29 PM 2:52

CLERK-LAS CRUCES

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

Solomon Pena,
    Plaintiff,

2:15-cv-00230-LH-WPL

vs.

The GEO Group, Inc., et al.,
    Defendants.

## MEMO IN OPPOSITION TO THE DEFENDANTS REPLY FILED 08 JUN 2015

1.) Comes now the pro se Plaintiff Solomon Pena and he wishes to enter into the record this memo in opposition to the defendants' reply that was filed on 2015 Jun 08.

2.) Plaintiff asks the Court to deny the defendants motion for summary judgment.

3.) This cause # and the IPRA injunction mentioned on pages 1-2 of the reply are not frivolous. The GEO Group, Inc. is not exempted from IPRA because they are private operators. The problem is is that GEO really does believe — contrary to NMSA and case law — that GEO is exempted from IPRA. That is why Plaintiff has six (06) IPRA enforcement petitions currently in the Courts against GEO. True, five (05) of them were filed in the wrong county, these types of mistakes are made by litigants with no formal education. The five petitions will be refiled in the correct county.

4.) PAGE 02, PARAGRAPH 04 OF THE REPLY STATES: "INSTEAD, IT SIMPLY ALLEGES PENA WAS CAUGHT WITH THE SHANK DURING THE PERIOD OF HIS EMPLOYMENT IN THE KITCHEN." THIS IS FALSE INFORMATION, WHEN THE PLAINTIFF WAS CAUGHT WITH THE SHANK IN FEB 2010 HE WAS NOT ON DUTY IN THE KITCHEN OR EVEN CLASSIFIED AS A KITCHEN WORKER. THE PLAINTIFF WAS A LIBRARY CLERK, CLASSIFIED AS A LIBRARY CLERK. THE SHANK CAME OUT OF THE LIBRARY. THE DEFENDANTS STATED IN THEIR PLEADINGS THAT PLAINTIFF WAS WORKING IN THE LCCF KITCHEN AT THE TIME OF BEING CAUGHT WITH THE SHANK. NOT TRUE.

5.) AS FOR THE FIGHT IN JULY 2010 IN THE KITCHEN, IT WAS LEGAL SELF-DEFENSE. IT'S ON THE CAMERA. THE OTHER PRISONER HIT THE PLAINTIFF FIRST. THE LCCF PRISON STAFF CAN NOT TAKE ACTION AGAINST THE PLAINTIFF FOR ENGAGING IN LEGAL SELF-DEFENSE.

6.) IN REFERENCE TO PAGE 03 PARAGRAPH 03: WARDEN J.W. BEAIRD'S ASSERTION ~~DENIAL~~ THAT HE DID NOT TELL PLAINTIFF HE COULD NOT WORK IN THE KITCHEN BECAUSE HE IS A KNOWN COMPLAINER IS A FELONY, IT'S A BLATANT LIE. HE SWORE OUT A FALSE AFFIDAVIT, INTENTIONALLY.

7.) ON PAGE 07, LAST PARAGRAPH, THE PLEADING STATES: "PENA HAS PRESENTED NO EVIDENCE TO ESTABLISH WARDEN BEAIRD KNEW ABOUT PENA'S IPRA REQUESTS OR GRIEVANCES AT THE TIME THE EMPLOYMENT APPLICATION WAS DENIED." SAME PARAGRAPH ALSO STATES: "PENA'S RESPONSE ALSO REFERENCES A CONVERSATION THAT ALLEGEDLY TOOK PLACE ON SEPTEMBER 6, 2014 IN WHICH WARDEN WRIGLEY TOLD PENA THAT IF 'HE WAS PLACED INTO THE KITCHEN HE WOULD PROBABLY WRITE ONE GRIEVANCE EVERY DAY.'" BEAIRD WAS PRESENT AT THAT CONVERSATION, HE KNEW OF THE IPRA'S AND GRIEVANCES. BEAIRD ALSO KNEW OF THE GRIEVANCES BECAUSE ON 03 SEP 2014 THAT WAS THE REASON THE PLAINTIFF WAS IN BEAIRD'S OFFICE: SO BEAIRD COULD "HEAR" TEN INFORMAL COMPLAINTS THAT THE PLAINTIFF HAD FILED. THOSE INFORMAL COMPLAINTS WERE

INCLUDED AS EXHIBIT 1 OF THE 10 APR 2015 PLEADING FILED UNDER THIS CASE #. THEY ARE ALL DATED 03 OCT 2014, THE DATE THAT BEAIRD TOLD PLAINTIFF HE COULD NOT WORK KITCHEN GRAVEYARD BECAUSE HE IS A KNOWN COMPLAINER. AFTER DISPOSING (RESOLVING) OF THE INFORMAL COMPLAINTS IS WHEN BEAIRD MADE THE STATEMENT TO THE PLAINTIFF. BEAIRD WAS FULLY AWARE OF THE PLAINTIFF'S CONSTITUTIONALLY PROTECTED ACTIVITIES ON 03 OCT 2014 AND ON 06 SEP 2014.

8.) PAGE 09, PARAGRAPH 02 STATES: "NOTWITHSTANDING THE COMPLETE LACK OF EVIDENTIARY SUPPORT FOR THIS CLAIM...." THERE IS EVIDENTIARY SUPPORT. THE MEMO THAT WRIGLEY SENT HARRISON CONCERNING THE PLAINTIFF'S EMPLOYMENT STATUS. THE PLAINTIFF ATTEMPTED TO IPRA IT, BUT GEO HEADQUARTERS SAID NO. IT'S STILL SITTING IN HARRISON'S OFFICE TO THIS DAY. THE DEFENDANTS ASSERT THERE IS NO EVIDENCE OF THE CLAIM, THE CAMERA'S IN HOUSING 3 WILL SHOW THE COP GO INTO 3A AND TAKE PLAINTIFF TO THE D-SPACE ON 06 SEP 2014 TO TALK WITH WRIGLEY AND BEAIRD. EXHIBIT 7 OF THE COMPLAINT IS THE IPRA REQUEST AND THE DENIAL LETTER FOR THE WRIGLEY MEMO TO HARRISON ABOUT THE PLAINTIFF'S EMPLOYMENT.

9.) (PAGE 09 PARAGRAPH G) "HOWEVER, PENA DOES NOT IDENTIFY ANY POLICY OR CUSTOM PURSUANT TO WHICH THE INDIVIDUAL DEFENDANT'S IS ALLEGED TO HAVE ACTED." THE COURSE OF ACTION THAT THE DEFENDANTS COMMITTED IS THE POLICY OR CUSTOM. <u>OKLAHOMA CITY v. TUTTLE</u>, 471 U.S. 808 (1985)

*[signature]*

SOLOMON PENA
6900 W. MILLEN DR.
HOBBS, N.M. 88244
2015 JUN 23

CERTIFICATE OF SERVICE: The foregoing pleading was mailed to listed parties on 2015 JUN 23.

- US District Court for the District of N.M. 100 N. Church Street, Ste 280, Las Cruces, N.M. 88001.

- April D. White, Esq. 4908 Alameda Blvd. N.E. Alb., N.M. 87113-1736

_____
Solomon Pena.

Solomon Pena. 70190.
6900 W. Millen Dr.
Hobbs, N.M. 88244

LUBBOCK TX 794
28 JUN 2015 PM 1 T

U.S. District Court for the District of N.M.
100 N. Church St.   Ste 280.
Las Cruces, N.M. 88001

SCANNED BY CSO
JUN 29 2015

RECEIVED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUN 29 2015

MATTHEW J. DYKMAN
CLERK

LEGAL MAIL