IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SOLOMON PENA,

    Plaintiff,

  v.          No. CIV 15-0230 LH/WPL

THE GEO GROUP, INC.,
JEFF WRIGLEY, J.W. BEAIRD,
LIZA ELIZONDO, KATIE HARRISON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's removed Civil Rights Complaint. Plaintiff is incarcerated and appears pro se. The state court granted Plaintiff free process (CM/ECF Doc. 5-1, p. 32), and, based on the financial information in the state court record, this Court will grant him leave to proceed under § 1915. The Defendants have answered the complaint. For reasons set out below, most of Plaintiff's federal claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.

*See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff applied to work "kitchen graveyard" when he was transferred to his current place of incarceration, Lea County Correctional Facility ("LCCF"). He had worked kitchen graveyard at the two facilities where he was confined before being transferred to LCCF. His applications to be placed in this prison job were denied, allegedly in violation of various federal and state constitutional protections. Plaintiff then filed informal complaints and a public records request for documents from the review of his applications. He asserts that the denial of these requests was the result of discrimination and retaliation by certain Defendants, and of failure to supervise by other Defendants. The complaint seeks damages and equitable relief.

No relief is available under 42 U.S.C. § 1983 on Plaintiff's primary allegation that his application to work the graveyard shift in the prison kitchen was denied. The Constitution does not create a property or liberty interest in an inmate's prison employment, *see, e.g., Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986), or in any particular job assignment while imprisoned, *see Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). Likewise, the statute, N.M. Stat. Ann. § 33-8-6 (Cum. Supp. 2014), authorizes but does not require work programs in prisons, and the Court will dismiss Plaintiff's federal claim of denial of access to a particular job. More particularly, the denial of a prisoner's request for prison employment does not violate the Eighth Amendment's proscription of cruel or unusual punishment. Nothing less than " 'the unnecessary and wanton infliction of pain' implicates the Eighth Amendment. . . ." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal citations omitted). "The Constitution . . . 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* at 298 (internal citations omitted). Denial of prison employment does not rise to this level.

Plaintiff also alleges that certain Defendants violated departmental policies by ignoring and denying his grievances and administrative complaints. As a starting point, violations by prison officials of departmental and prison regulations, without more, are not actionable under 42 U.S.C. § 1983. " 'It is well established' that a violation of state law 'does not create a claim under § 1983.' A failure to follow a state statute is 'actionable only if the [alleged] actions fail to meet basic federal constitutional standards.' " *Hoffman v. Martinez*, 92 F. App'x 628, 632 (10th Cir. 2004) (quoting *Rector v. City & County of Denver*, 348 F.3d 935, 947 (10th Cir. 2003)). Under this rule, Plaintiff's allegations that Defendants have ignored and summarily denied his grievances and administrative complaints do not support constitutional claims. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000).

A plaintiff's pleading must allege that the defendants' actions caused an "actual injury[, which] derives ultimately from the doctrine of standing." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, the resulting "conditions complained of must be 'sufficiently serious' to implicate constitutional rights . . . . [A] prisoner must show . . . 'conditions posing a substantial risk of serious harm' to inmate health or safety." *DeSpain v. Uphoff,* 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). Here, the complaint makes no allegation that grievance failures resulted in conditions or injuries that meet the standards noted in these cases. The Defendants' alleged violations of grievance procedures thus did not infringe Plaintiff's constitutional rights. "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam), *quoted in Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011).

"This means that after [Defendant] denied the grievance form, [Plaintiff] was free to file suit. Thus, because [Defendant]'s denial of the grievance form in no way prevented or hindered [Plaintiff] from bringing suit in court, his [constitutional] claim indisputably lacks merit." *Fogle v. Gonzales*, 570 F. App'x 795, 797 (10th Cir. 2014). The Court will dismiss Plaintiff's federal claims of violations of grievance procedures.

No relief is available on Plaintiff's Eighth and Fourteenth Amendment claims that certain Defendants failed to supervise other Defendants (Counts 1, 5, 6, and 9). These claims are asserted in purely conclusory terms with no supporting factual allegations. "[P]laintiff has failed to allege that defendants [named in these Counts] personally authorized, supervised or participated in the decisions regarding his medical care. This omission is fatal to plaintiff's claims against those defendants." *Horton v. Ward*, 123 F. App'x 368, 371 (10th Cir. 2005) (citing *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990) (holding that, to establish supervisory liability in a § 1983 action, a plaintiff must show that "a supervisory defendant, expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation.")). The Court will dismiss these claims.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed under 28 U.S.C. § 1915;

IT IS FURTHER ORDERED that Plaintiff's federal claims in Counts 1, 2, 3, 5, 6, 7, 8, and 9 are DISMISSED with prejudice; and the Eighth Amendment claim in Count 4 is DISMISSED with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE